**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANTHONY LOPEZ,

|  |  |  |
|---|---|---|
| | Plaintiff, | 9:22-cv-1143 |
| | | (ECC/DJS) |

v.

DYLAN BOMBARDIER, et al.,

Defendants.

---

Anthony Lopez, *pro se Plaintiff*
Olivia R. Cox, Asst. Att'y General, *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff Anthony Lopez brought this action pursuant to 42 U.S.C. § 1983 against Defendants Dylan Bombardier, Zachary Buckley, Jacob Mullady, and Merit Peck, asserting claims for excessive force and failure to intervene in violation of his Eighth Amendment rights. After a three-day jury trial before this Court in January 2026, the jury returned a verdict finding that Plaintiff failed to prove his claims by a preponderance of the evidence. Dkt. No. 108. Presently before the Court is Defendants' motion for a bill of costs. Dkt. No. 111. Although the Court sua sponte granted Plaintiff additional time within which to file an opposition to Defendants' motion, *see* Dkt. No. 115, no opposition to Defendants' motion has been received. For the following reasons, Defendants' motion is granted in part.

### I.     APPLICABLE STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorney's fees should be allowed . . . to the prevailing party unless the court directs otherwise." *Sacco v. Daimler Chrysler Corp.,* No. 05-cv-1435 (TJM), 2008 WL 2858652, at *1 (N.D.N.Y. July 22, 2008)

(quoting Fed. R. Civ. P. 54(d)(1)). The costs that may be awarded to a prevailing party are set forth

in 28 U.S.C. § 1920. *See Pachura v. Hegseth*, No. 21-cv-316 (AMN/MJK), 2025 WL 2391689, at

*1 (N.D.N.Y. Aug. 18, 2025). Section 1920 states, in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In civil litigation, awarding costs to the prevailing party is the rule—not the exception. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016). Therefore, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* (citations omitted). "The decision to award costs to a prevailing party under Rule 54(d)(1) rests within the sound discretion of the district court." *McEachin v. Goord*, No. 01-cv-259 (GJD), 2007 WL 1571981, at *1 (N.D.N.Y. May 25, 2007) (citation omitted).

## II.    DISCUSSION

Defendants seek $1,374.09 in costs relating to deposition transcripts, witness fees, exemplification and copying fees, and docket fees. *See* Dkt. No. 111. Plaintiff has not opposed the motion or objected to any of the costs included.

### A.    Transcript Fees

Defendants request $575.40 for a transcript of a deposition of Plaintiff (as well as a minimum charge which applied due to Plaintiff's no-show at the first scheduled deposition). *See* Dkt. No. 111 at 4; Dkt No. 111-1 at 1-2. As a general matter, "the reasonable costs of transcribing depositions are properly taxed in favor of the prevailing party." *Green v. Venettozzi*, No. 14-cv-1215 (BKS/CFH), 2019 WL 4508927, at *1 (N.D.N.Y. Sept. 19, 2019) (citation omitted). The "[t]ranscript of deposition of a party to the case" is a "commonly taxable court reporter fee[]." *Domroes v. Czerkies*, No. 19-cv-932 (BKS/CFH), 2025 WL 1168227, at *1 (N.D.N.Y. Apr. 22, 2025) (quoting the N.D.N.Y. Guidelines for Bills of Costs § II(D)(1)(c)[1]). Plaintiff's deposition transcript was also marked for identification at trial. Dkt. No. 105. Defendants' request for costs in the amount of $575.40 for these necessary transcript fees is therefore granted.

### B.    Witness Fees

Defendants seek a total of $636.69 for fees associated with one non-party witness who testified at trial, Sergeant Joshua Cook. *See* Dkt. No. 111 at 1, 3. The requested costs consist of (1) the $40.00 statutory witness attendance fee for one day of testimony, (2) $285.04 in hotel and parking charges, and (3) $314.65 in mileage. *See id.* at 3.

Defendants' requests to recover the statutory witness fee and Sergeant Cook's mileage are both proper and appropriately supported. *See* 28 U.S.C. § 1821(b); *see also New Skete Farms, Inc.*

---

[1] https://www.nynd.uscourts.gov/sites/nynd/files/Guidelines_Bill_of_Costs_091021.pdf.

*v. Murray*, No. 06-cv-486 (GLS/RFT), 2009 WL 10680320, at *3 (N.D.N.Y. Apr. 3, 2009) ("A prevailing party may recover its witness costs at a rate of $40 for each day the witness gave testimony at a trial or deposition."). The requested mileage was calculated for a round trip between Clinton Correctional Facility to Syracuse at the United States General Services Administration rate of $0.725 per mile.[2] *See* 28 U.S.C. § 1821(c)(2).

Defendants also request to recover $285.04 incurred for Sergeant Cook in hotel and parking fees for the nights of January 12 and January 13, 2026. *See* 28 U.S.C. § 1821(d)(1) ("A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day."). Defendants do not explain, however, why they should be entitled to recover for two nights of subsistence. Sergeant Cook testified at the trial on January 13, 2026 from approximately 3:31 p.m. to 3:58 p.m. *See* TEXT Minute Entry dated January 13, 2026. Approximate travel time from Syracuse to Clinton Correctional Facility is slightly more than four hours. *See* Dkt. No. 111-4 at 1. Without any explanation as to why Sergeant Cook could not travel home after his testimony concluded, for example, Defendants are not entitled to recover for two nights' subsistence for Sergeant Cook. The Court therefore awards Defendants $142.52 in subsistence fees for Sergeant Cook. *See* 18 U.S.C. § 1821(d); *Per diem rates*, United States General Services Administration, https://www.gsa.gov/travel/plan-book/per-diem-rates (last visited July 1, 2026).

---

[2] *See Privately owned vehicle (POV) mileage reimbursement rates*, United States General Services Administration, effective January 1, 2026, https://www.gsa.gov/travel/plan-a-trip/transportation-airfare-rates-pov-rates/privately-owned-vehicle-pov-mileage-reimbursement (last visited July 1, 2026).

Accordingly, the Court awards Defendants a total of $494.17 for witness fees. *See* Guidelines §§ II(F)(1)(a)-(c), (e).

### C.    Exemplification and Copying Fees

Defendants request $142.00 in fees for exemplification and copying costs incurred in serving Plaintiff with 284 pages of discovery. *See* Dkt. No. 111 at 1; Dkt. No. 111-2 (Defendants' responses to requests for production of documents indicating that Defendants produced 284 pages of responsive material); *see also* Guidelines § II(H)(1)(g); *Encarnacion v. Spinner*, No. 15-cv-1411 (BKS/ML), 2023 WL 2785745, at *7 (N.D.N.Y. Apr. 5, 2023) (noting that "[c]ourts interpret [28 U.S.C. § 1920(4)] to include photocopying charges for discovery" (alterations in original) (quoting *Green*, 2019 WL 4508927, at *2)). Defendants "provided sufficient information regarding the purpose of the copies" and these copies were "necessary" because they relate to Defendants' obligation to respond to discovery requests. *See id.* (quoting *Green*, 2019 WL 4508927, at *2). Defendants' request for costs in the amount of $142.00 for exemplification and copying fees is thus granted.

### D.    Docket Fees

Defendants' request for $20.00 in docket fees is granted. *See* Dkt. No. 111 at 1; *see also* 28 U.S.C. § 1923(a); Guidelines § II(I)(a).

## III.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion for a bill of costs, Dkt. No. 111, is **GRANTED** in part to the extent that Defendants are awarded $1,231.57 in costs, but is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 8, 2026

Elizabeth C. Coombe
U.S. District Judge